### In re W. A. SILVERNAIL CO.

(District court, D. Kansas, Second Division. June, 1914.)

BANKRUPTCY (§ 312*)—CREDITORS ENTITLED TO PROVE CLAIMS—ESTOPPEL.

A person who loaned money to a corporation, taking shares of stock of a par value equal to the amount of the loan, under an agreement that at his option he might surrender the stock and demand payment of the loan, or surrender the note evidencing the loan and become the absolute owner of the stock, and who thereafter appeared upon the books of the corporation as a stockholder, and acted as treasurer, and had not made his election, pursuant to the agreement, prior to the bankruptcy of the corporation, was estopped from demanding his rights as creditor, to the prejudice of other creditors, who became creditors subsequent to the agreement mentioned.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 496–500; Dec. Dig. § 312.*]

In Bankruptcy. In the matter of the W. A. Silvernail Company, bankrupt. On certificate of the referee to review an order denying the claim of one Waterhouse. Order affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. L. Foulke, C. A. Matson, and Jesse D. Wall, all of Wichita, Kan., for trustee.

Paul Brown and Silas Brown, both of Wichita, Kan., for claimant.

POLLOCK, District Judge. The facts are: The bankrupt company, a corporation of the state of Massachusetts, engaged in business at the city of Worcester, in that state, and, being desirous of removing the business of said corporation to the city of Wichita in this state, and being in need of funds, on August 20, 1912, borrowed of claimant (Waterhouse) the sum of $6,000, in accordance with the terms of a written agreement between the bankrupt and claimant, which, in substance, provides as follows:

The bankrupt executed to claimant its promissory note for the amount borrowed, due on demand, however, to run five years from date, without interest, unless sooner demanded by claimant. It was further provided in said contract that certificate should issue to claimant for 60 shares, par value $100 each, of the capital stock of the bankrupt corporation, and it was therein provided claimant was to have his election to become the absolute owner of the shares and surrender the promissory note, or to surrender the shares and demand payment of the note, at his option. Further, claimant was to become treasurer of the corporation and sign checks issued by it, all of which was done. The stock register of the corporation shows claimant to be the absolute owner of the 60 shares of its capital stock. An application was made to the secretary of state of this state to do business as a foreign corporation in this state. This application was signed and sworn to by claimant, and showed the shares so issued to him to be his property. The minutes of the books of the corporation showed the transaction to be that expressed in the written agreement.

In this condition of the records of the corporation creditors represented by the trustee in bankruptcy became such after removal of the business of the company to this state. At the date bankruptcy intervened claimant had not exercised his option to keep the stock and surrender the note, or to surrender the stock and rely upon his promissory note. The question presented is: Do these facts estop claimant from now demanding his claim from the estate as against other creditors?

It is evident, from the terms of the written agreement entered into, the purpose was to allow claimant the right to exercise his option of relying on his promissory note as a creditor in the event the business of the company did not prove prosperous, or, on the contrary, of permitting him to assert the rights of a stockholder in the corporation if its business prospered and its shares came to be worth more than their par value—all this at his election, as time might demonstrate. Meanwhile, awaiting such developments, he, as treasurer of the company, had at all times the advantage of such position to advise himself as to the business affairs of the corporation, and during this time permitted himself to stand on the records of the corporation, of which he was an officer, as a stockholder. It is evident he could not in fact be both a stockholder to the extent of the 60 shares and, at the same time,

a creditor to the extent of the amount evidenced by the promissory note. As he did not elect which position he would assume under the terms of the contract until the indebtedness of the company had accumulated to such an extent as to render it in bankruptcy, in fairness and justice to the other creditors of the bankrupt corporation, he should now be estopped from demanding his rights as a creditor.

It follows the order of the referee in denying the demand of claimant as a creditor, to the prejudice of other creditors, was right, and, being right, must be affirmed.

It is so ordered.